UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROGER DEE BROWNLOW,

    Plaintiff,

v.                                        Case No. 6:16-cv-1985-Orl-37KRS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

In the instant appeal, Plaintiff Roger Dee Brownlow challenges the Commissioner of the Social Security Administration's ("**Commissioner**") final decision denying him social security benefits. (Doc. 1.) On referral, U.S. Magistrate Judge Karla R. Spaulding recommends that the Court affirm the Commissioner's final decision. (Doc. 17 ("**R&R**").) Plaintiff objected to the R&R (Doc. 18 ("**Objection**")), to which the Commissioner did not respond. Upon consideration, the Court finds that the Objection is due to be overruled, and the R&R is due to be adopted.

### I.    BACKGROUND

Plaintiff first filed an application for benefits under the Federal Old Age, Survivor and Disability Insurance Programs on March 1, 2013, alleging disability with an onset date of February 24, 2012. (Doc. 14-2, p. 19.) His claim was initially denied and denied again upon reconsideration. (Doc. 14-4, pp. 85, 97.) Plaintiff then requested a hearing, which was held on March 12, 2015 in front of an Administrative Law Judge ("**ALJ**") with

counsel present. (*Id.* at 102; *see also* Doc. 14-2, pp. 34–61.) On April 23, 2015, the ALJ issued an unfavorable decision concluding that Plaintiff was not disabled. (Doc. 14-2, p. 28.) Plaintiff requested review of the ALJ's decision before the Appeals Council of the Social Security Administration, which was denied. (*Id.* at 2.) As such, the ALJ's finding of no disability became the Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

Plaintiff then filed the instant appeal, requesting review and reversal of the Commissioner's decision. (Doc. 1.) As grounds, Plaintiff proffers that the ALJ committed reversible error by: (1) failing to find that Plaintiff needed to use an assistive device, such as a walker ("**First Assignment of Error**"); and (2) giving no significant weight to examining physician Dr. John C. Madlener's ("**Dr. Madlener**") opinion ("**Second Assignment of Error**"). (*See* Doc. 16, pp. 14, 20.) Magistrate Judge Spaulding rejected both Assignments of Error and found for the Commissioner. (Doc. 17, pp. 11, 12.) Specifically, she found that there was no record evidence that an assistive device was either prescribed or medically necessary. (*Id.* at 10–11.) And she concluded that substantial evidence supported the ALJ's treatment of Dr. Madlener's opinion. (*Id.* at 11–12.) As the matter has been fully briefed (*see* Doc. 18), it is now ripe.

## II.   LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The

district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### III.    ANALYSIS

**A.    First Assignment of Error**

As an initial matter, Plaintiff does not object to the R&R's conclusion that no medical evidence supported the need to use an assistive device. (*See* Doc. 17, pp. 10–11.) Because Plaintiff did not offer specific objections to that portion of the R&R, the Court reviews it only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1] Finding no clear error, the Court determines that this portion of the R&R is due to be adopted.

**B.    Second Assignment of Error**

Plaintiff objects only to Magistrate Judge Spaulding's finding that the ALJ did not err by assigning no significant weight to Dr. Madlener's opinion, Plaintiff's examining physician, and that the ALJ's decision to discount that opinion was supported by substantial evidence. (Doc. 18, pp. 2–4.) Upon de novo review, the Court agrees with Magistrate Judge Spaulding's findings and conclusions.

In determining whether a Plaintiff is disabled, the ALJ is required to consider

---

[1] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

every medical opinion that is part of the record. 20 C.F.R. § 404.1527(b). In assessing the medical evidence, the ALJ must state with particularity the weight given to different medical opinions and her reasoning for such weight. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). But "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the district court "to conclude that the ALJ considered [a plaintiff's] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

Here, the ALJ's decision reflects that she considered the medical opinions of Plaintiff's treating[2] and examining physicians, as well as the treatment notes from Halifax Medical Center where Plaintiff was examined on at least four occasions. (*See* Doc. 14-2, pp. 23–26; *see also* Doc. 14-8, pp. 68–77.) As reflected in the medical records and the ALJ's decision, Plaintiff presented to Dr. Madlener on February 22, 2013 for evaluation of his multiple chronic pain complaints. (Doc. 14-2, pp. 24–25; Doc. 14-7, p. 88.) On examination, Dr. Madlener initially diagnosed Plaintiff with several chronic musculoskeletal and general medical conditions and opined that Plaintiff had a permanent total disability. (Doc. 14-7, p. 92.) Based on his single examination, Dr. Madlener prepared a functional capacity questionnaire, opining that Plaintiff: (1) could sit five hours and stand/walk one hour in an eight hour day; (2) could not use both of his feet for repetitive movements,

---

[2] Dr. James Brown ("**Dr. Brown**") is a physician who has "an ongoing treatment relationship" with Plaintiff, and Plaintiff sees or has seen Dr. Brown "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the Plaintiff's] medical condition(s)." 20 C.F.R. § 404.1527(a)(2). Plaintiff does not dispute that the ALJ properly considered Dr. Brown's opinion as a "treating physician" evidence. (Doc. 14-7, pp. 67, 69, 73, 81.)

such as operating foot controls; (3) could occasionally lift six to ten pounds and frequently lift zero to five pounds; (4) could occasionally balance and reach above shoulder level but could never climb, stoop, knee, crouch, or crawl. (*Id.* at 84–86.) Dr. Madlener also concluded that Plaintiff suffered from fatigue and pain, which were disabling to the extent it would prevent him from working full-time even in a sedentary position. (*Id.* at 86–87.)

The Court finds that the ALJ appropriately weighed Dr. Madlener's opinion. Although the ALJ must consider all medical opinions, not all medical opinions are afforded equal weight. *See* 20 C.F.R. §§ 404.1527(c)(1), (2). A treating physician's opinion must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). In contrast, an ALJ is not required to defer to the opinion of a physician who conducted a single examination, and who is not a treating physician. *Denomme v. Comm'r of Soc. Sec.*, 518 F. App'x 875, 877 (11th Cir. 2013); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Further, an ALJ may reject the opinion of any physician if the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). Here, the ALJ correctly noted Dr. Madlener was a one-time examiner, whose opinion was not entitled to deference. *See McSwain*, 814 F.2d at 619. Moreover, substantial evidence supports the ALJ's finding that "the record as a whole [did] not substantiate the restrictive assessment by Dr. Madlener." (Doc. 14-2, p. 24.)

Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Miles v. Chater,* 84 F.3d 1397, 1400

(11th Cir. 1996) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). First, the ALJ noted that Plaintiff was "routinely unremarkable upon testing." (Doc. 14-2, p. 24) Although the medical records reflect that Plaintiff suffers from knee problems caused by gout, Dr. Brown's treatment notes indicate that Plaintiff had good pain control through medication. (*See, e.g.*, Doc. 14-7, pp. 67, 69, 71, 73, 81.) Plaintiff also testified that medication helped manage his pain. (Doc. 14-2, pp. 52–53, 54.) So the ALJ's assessment of Plaintiff's medical condition was appropriate.

Second, the ALJ found persuasive the treatment notes from Halifax Medical Center, which indicated that Plaintiff had normal gait and: (1) could get on and off an exam table without assistance; (2) was able to lift his legs during a physical examination; and (3) on exiting, he stopped to pull his pants up without any sustained help from anyone or an assistive device. (Doc. 14-8, p. 76). Together, this medical evidence undercuts Dr. Madlener's restrictive functional assessment, and the ALJ properly considered this in her disability calculus.

With this, the Court finds that the ALJ's decision to assign "no significant weight" to Dr. Madlener's opinion is supported by substantial, contrary medical evidence. *See Sryock*, 764 F.2d at 835. Given the limited nature of the Court's appellate review, it is not permitted to reweigh the importance attributed to such medical evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) ("Even if the evidence preponderates against the Secretary's factual findings, [a court] must affirm if the decision reached is supported by substantial evidence."). Hence the Court finds that the Objection is due to be overruled, the R&R is

due to adopted, and the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection to Report and Recommendation dated February 1, 2018 (Doc. 18) is **OVERRULED**.

2. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 17) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

3. The Commissioner's final decision is **AFFIRMED**.

4. The Clerk is **DIRECTED** to enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff Roger Dee Brownlow, and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 2, 2018.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record